HOLLAND & KNIGHT LLP
Christine N. Walz
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone:  212.513.3368
Fax:  212.385.9010
E-mail:  christine.walz@hklaw.com
*Attorney for Defendant Turo Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------x
JOSE DIAZ, Maidy Perez, Milda Polanco,
Jose Vasquez, Evelyn Valentine, Nelson Lopez,
Rolando Chico, Gisselle Aquilar, and
Jeiby Vizcaino, Jesus Maldonado

                              Plaintiffs,

v.                                                          Case No.:2:25-cv-12133-ES-MAH

STEPHEN ALVAREZ, NICOLAS PERKIN,
SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC,
in its official capacity, and TURO, INC.,
in its official capacity

                              Defendants.
-------------------------------------------------------------------x

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant Turo Inc. ("Turo") respectfully moves to dismiss the Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. In support of this Motion, Turo states as follows:

Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction. The Complaint raises no federal question: it includes eleven counts, each of which arises under state, rather than federal law. And, there is not complete diversity among the parties – multiple plaintiffs and multiple defendants are citizens of the same state: New Jersey.

While Plaintiffs also fail to state any viable claim against Turo, those issues are not briefed here because the Court lacks jurisdiction and the Complaint should be dismissed in its entirety.

## RELEVANT FACTUAL BACKGROUND

Turo is an online peer-to-peer car sharing platform that connects vehicle owners or their authorized representatives ("Hosts") with individuals ("Guests") seeking to book those vehicles throughout the United States.

Plaintiffs' Complaint alleges that Defendant Stephen Alvarez – a Turo Host – recruited Plaintiffs individually to participate in a business venture involving the leasing of their vehicles on Turo. Compl. (Dkt. 1) at ¶ 23.

Plaintiff Diaz is a citizen of Georgia. *Id.* at ¶7. The remaining named Plaintiffs are citizens of New Jersey. *Id.* at ¶¶ 8-17. Defendant Alvarez is a citizen of New Jersey. *Id.* at  ¶ 17. Other Defendants are citizens of Louisiana. *Id.* at ¶ 18-21. Turo is a citizen of Delaware and California. *Id.* at ¶ 22.

After their vehicles were listed by Alvarez on Turo (beginning in 2021), Plaintiffs allege that they "experienced numerous issues, including unpaid invoices, lapsed insurance coverage, and accumulating tickets, all of which Defendant Alvarez failed to address." *Id.* The Complaint does not allege any direct relationship between Plaintiffs and Turo. *See* Compl. at ¶ 22 (alleging that Turo is the platform which allowed Alvarez and other Defendants to use and "destroy" their vehicles).

Plaintiffs assert eleven counts against Alvarez and other Defendants, including some against Turo:  (1) breach of contract; (2) negligent misrepresentation; (3) negligence and gross negligence; (4) conversion of Plaintiff's property; (5) invasion of privacy in violation of N.J. Stat. § 2C:14-9; (6) attempted impersonation; theft of identity in violation of N.J. Stat. § 2C:21-17; (7)

destruction of property in violation of N.J. Stat. § 2C:20-4; (8) theft by deception in violation of N.J. Stat. § 2C:20-4; (9) violation of the New Jersey Toll Collections Monitoring System; N.J. Stat. Ann. § 27:23-34.2; (10) violation of the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-2; and (11) violation of the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party, at any time, to bring a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12. A party can attack subject-matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 177 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden of establishing federal jurisdiction rests with the party asserting its existence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

"A facial attack 'concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* at 105. "The court cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists." *D.C. v. Pittsburgh Pub. Sch.*, 415 F. Supp. 3d 636, 649 (W.D. Pa. 2019).

## ARGUMENT

Plaintiffs purport to bring this action pursuant to the Court's federal question and diversity jurisdiction. However, a plain reading of the allegations shows that the allegations do not support the exercise of jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and the Complaint must be dismissed.

## I. PLAINTIFFS' COMPLAINT LACKS SUBJECT-MATTER JURISDICTION BECAUSE IT DOES NOT RAISE A FEDERAL QUESTION UNDER 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, "a federal court may exercise jurisdiction over a case if it presents a question of federal law." 28 U.S.C. § 1331. Federal question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of federal statute. *Sullivan v. Novartis Pharms. Corp.*, 602 F. Supp. 2d 527 (D.N.J. 2009); *Dawson ex rel. Thompson v. Ciba-Geigy Corp., USA,* 145 F. Supp. 2d 565, 573 (D.N.J. 2001). "The content of the plaintiff's 'well-pleaded complaint' determines whether an action arises under federal law. . . Most typically, federal-question jurisdiction 'is invoked ... by plaintiffs pleading a cause of action created by federal law[.]" *Sullivan v. Novartis Pharms. Corp.*, 602 F. Supp. 2d 527, 530 (D.N.J. 2009) (internal citations omitted).

Here, Plaintiffs claim that this Court has federal question jurisdiction "in that this is a civil action arising under the Truth in Lending Act, 15 U.S.C. § 1601 et seq." Compl., Dkt. 1 at ¶3. However, not one of the eleven counts pled alleges violations of the Truth in Lending Act[1] or any other federal law. As such, there is no federal-question jurisdiction over Plaintiffs' claims, and the Complaint must be dismissed.

## II. PLAINTIFFS' COMPLAINT LACKS SUBJECT-MATTER JURISDICTION BECAUSE THERE IS NOT COMPLETE DIVERSITY UNDER 28 U.S.C. § 1332.

Plaintiffs' Complaint alleges that this Court has diversity jurisdiction because "this is a civil action between citizens of Georgia, New Jersey, Louisiana, and California." *See* Compl., Dkt.

---

[1] The Truth in Lending Act requires creditors to make certain written disclosures to consumers concerning finance charges and related aspects of credit transactions (including disclosing an annual percentage rate). See 15 U.S.C. §§ 1601-1667f. It has no application to any of the factual allegations against Turo in this case.

1 at ¶ 4. However, this is not the correct analysis. Under 28 U.S.C. § 1332, the party seeking to establish diversity of citizenship jurisdiction must demonstrate that the amount in controversy exceeds $75,000 and must establish diversity of citizenship. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).[2]

Here, based on Plaintiffs' own allegations, not all Plaintiffs are diverse from all Defendants. While Plaintiff Diaz is a citizen of Georgia, the remaining nine named Plaintiffs are citizens of New Jersey. *Id.* at ¶¶ 7-17. And Defendant Alvarez is also a citizen of New Jersey. *Id.* at ¶ 17.

Therefore, there is not complete diversity and Plaintiffs' Complaint must be dismissed for lack of diversity jurisdiction under 28 U.S.C. § 1332.

---

[2] The rules of citizenship are well established. "A natural person is deemed to be a citizen of the state where he is domiciled. *See Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David,* 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Swiger,* 540 F.3d at 182." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Likewise, the citizenship of an LLC is determined by the citizenship of its members. *Id.*

## **CONCLUSION**

Because there is neither diversity jurisdiction nor federal-question jurisdiction over Plaintiffs' claims, this Court lacks subject-matter jurisdiction over the entire Complaint and it must be dismissed.

Dated: October 1, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

 /s/ Christine N. Walz
Christine N. Walz
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone:  212.513.3368
Fax:  212.385.9010
E-mail:  christine.walz@hklaw.com
*Attorney for Defendant Turo Inc.*