Paul H. Aloe, Esq.
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1888
Counsel for Nicolas Perkin, Sydney Klavans, Perkin Industries, LLC and DrivePro, LLC

Douglas T. Tabachnik, Esq.
LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
63 West Main Street, Suite C
Freehold, NJ 07728
Tel: 732-780-2760
Fax: 732-780-2761
dtabachnik@dttlaw.com
Counsel for Stephen Alvarez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity,<br><br>Defendants. | Case No. 2:25-cv-12133-ES-MAH |

**RULE 12 MOTION TO DISMISS**

Please take notice that on November, 3 2025 Defendants Stephen Alvarez ("Alvarez"), Nicolas Perkin ("Perkin"), Sydney Klavans ("Klavans") Perkin Industries, LLC, ("Perkin Industries"), and DrivePro, LLC ("DrivePro") will move the Court for an order dismissing this action pursuant to on the grounds set forth below Pursuant to L. Civ. R. 78.1(a), answering papers if any are due to be served by October 20, 2025. Moving Defendants move to dismiss on the following grounds.

1. Pursuant to FRCP 12(b)(1) as there is a lack of subject matter jurisdiction. Specifically:

   a. While the complaint attempts to allege federal question jurisdiction under 28 U.S.C. § 1331 (complaint ¶ 3), none of the 10 purported counts in the complaint sound under federal law. Paragraph 3 says jurisdiction exists under the Truth in Lending Act, 15 U.S.C. § 1601, but no such claim is set forth in the complaint.

   b. Paragraph 4 of the complaint attempts to plead diversity jurisdiction under 28 U.S.C. § 1332. However, the complaint on its face shows complete diversity between the plaintiffs and the defendants is lacking.

      i. The complaint alleges plaintiffs Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, a Jeiby Vizcaino, Jesus Maldonado are New Jersey Citizens (Complaint ¶¶8- 15).

      ii. The complaint alleges that defendant STEPHEN ALVAREZ is a New Jersey resident and citizen and a member of defendant DrivePro LLC (Complaint ¶¶ 17 and 21).

   c. There is a lack of complete diversity required. *See, Owen Equip. & Erection Co. v Kroger, 437 US 365 (1978) (*"diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff"); *Strawbridge v. Curtiss, 7 U.S. 267 (1806)*; *Dev. Fin. Corp. v Alpha Hous. & Health Care, Inc., 54 F3d 156, 158 (3d Cir 1995)* ("It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants.").

   d. It is also unclear how any of the plaintiffs have claims exceeding the $75,000 threshold. *See*, *Weinberg v Sprint Corp., 165 FRD 431, 441 (DNJ 1996)* ("When determining whether the jurisdictional amount has been satisfied in such a case, the district court must make "'an independent inquiry into the value of the claims alleged' in order to determine whether plaintiff's complaint states a claim that meets the jurisdictional amount.") (cleaned up); *Garcia v Gen. Motors Corp., 910 F Supp 160, 165 (DNJ 1995)* ("where a complaint does not request a precise monetary amount, the district court must make an independent inquiry into the value of the claims alleged"). Here, there is no basis to conclude that any of the plaintiffs, who appear to be complaining about unpaid traffic tickets, could have reached the $75,000 threshold.

2. Defendants, NICOLAS PERKIN, PERKIN INDUSTRIES, LLC, and DRIVEPRO, LLC should be dismissed pursuant to FRCP 12(b)(2), (4), and (5) as none of them have been served with process and there is no proof of service on file. See FRCP 4(l)(1) The 90-day period for service

under FRCP 4(m) has expired, and the plaintiff has not sought an extension of the period or good cause for the failure to make service.[1]

3. Defendants NICOLAS PERKIN, PERKIN INDUSTRIES, LLC, and SYDNEY KLAVANS should be dismissed pursuant to FRCP 12(b)(2) because each of them is a non-resident and there are no allegations that would establish minimum contacts by any of them with New Jersey. *See, generally*, *Walden v. Fiore, 571 U.S. 277 (2014)*. Plaintiffs bear the initial burden of establishing personal jurisdiction. *Miller Yacht Sales, Inc. v Smith, 384 F3d 93, 97 (3d Cir 2004)*

4. Defendants reserve all other defenses, including failure to state a claim, and reserve the right to assert those defenses pursuant to FRCP 12(b) if the complaint is amended, or in accordance with FRCP 12(c) after an answer.

5. Defendants reserve the right to seek costs and sanctions pursuant to FRCP 11 and 28 U.S.C. § 1927 for vexatious litigation, including making claims against parties with no basis in law.

Dated: October 1, 2025

Respectfully submitted,

KUDMAN TRACHTEN ALOE POSNER LLP

By: /s/ Paul H Aloe
Paul H. Aloe, Esq.
488 Madison Avenue
23rd Floor
New York, NY 10022
Tel: 212-868-1010
Fax: 212-868-0013
paloe@kudmanlaw.com
Counsel for Nicholas Perkin, Sidney Klavans, Perkin Industries, LLC and DrivePro, LLC

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

By: /s/ Douglas T. Tabachnik
Douglas T. Tabachnik, Esq
63 West Main Street, Suite C
Freehold, NJ 07728
Tel: 732-780-2760
Fax: 732-780-2761
dtabachnik@dttlaw.com
Counsel for Stephen Alvarez

[1]FRCP 4(m) “If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).′