UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE DIAZ, MAIDY PEREZ, MILDA POLANCO, JOSE VASQUEZ, EVELYN VALENTINE, NELSON LOPEZ, ROLANDO CHICO, GISSELLE AGUILAR, JEIBY VIZCAINO, and JESUS MALDONADO,

Plaintiffs,

v.

STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, and TURO INC.,

Defendants.

Civil Action No. 2:25-cv-12133-ES-MAH

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TURO INC.'S MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Defendant Turo Inc. ("Turo") seeks dismissal of Plaintiffs' Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing both that no federal question exists and that diversity is incomplete. Turo's motion misconstrues the pleadings, ignores the allegations establishing a federal question under the Truth in Lending Act ("TILA") and related consumer protection statutes, and prematurely invites the Court to resolve factual issues better addressed after discovery. The Complaint alleges multiple violations involving deceptive and fraudulent consumer lending practices within a multi-state car-

leasing enterprise operated through Turo's online platform. Such allegations may not specify, but they do invoke, TILA, 15 U.S.C. § 1601 et seq., and as such, present a substantial federal question. Additionally, even if the Court were to find that diversity jurisdiction were imperfect, pendent and supplemental jurisdiction under 28 U.S.C. § 1367(a) requires that the state law claims remain before this Court. Accordingly, Turo's motion should be denied in its entirety.

**STATEMENT OF FACTS**

Plaintiffs—vehicle owners recruited by Defendant Stephen Alvarez—entered into arrangements through Turo's platform that were misrepresented as legitimate leasing or profit-sharing opportunities. Plaintiffs' vehicles were listed, rented, and in many cases damaged or converted without payment, proper insurance coverage, or contractual accountability. Plaintiffs allege that Turo knowingly permitted such activity, retained financial benefit from each transaction, and failed to ensure statutory disclosures of finance charges, insurance terms, and credit-related obligations, in violation of TILA and parallel New Jersey consumer statutes. Turo's own business model functions as a financial intermediary—it processes payments, determines the timing and amount of remittance to hosts, and controls disbursement schedules—thus satisfying the statutory definition of a "creditor" or "assignee" under 15 U.S.C. § 1602(g) and 12 C.F.R. § 1026.2(a)(17).

**LEGAL STANDARD**

A motion under Rule 12(b)(1) may present either a facial or factual challenge to jurisdiction. On a facial challenge, the Court accepts the allegations of the complaint as

true. Jurisdiction exists so long as the complaint raises a colorable federal claim. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006), however, TILA allows for jurisdiction without the full analysis under Arbaugh.

**ARGUMENT**

I. The Complaint Raises a Federal Question Under 28 U.S.C. § 1331.

Plaintiffs specifically alleged that this action arises under the Truth in Lending Act, albeit, the actual statute may not have been claimed. Contrary to Turo's assertion, the absence of a separate "Count" labeled "TILA" does not defeat federal jurisdiction where the factual allegations, fairly read, state a violation of federal law. Here, Plaintiffs alleged deceptive financing and failure to disclose the nature of charges, fees, and insurance obligations arising from Turo-facilitated transactions—conduct falling squarely within the scope of TILA and its implementing regulations (12 C.F.R. § 1026). Whether Turo disputes its status as a "creditor" is a merits issue, not a jurisdictional one. At minimum, Plaintiffs' federal claim is colorable, and thus this Court must exercise jurisdiction under § 1331.

II. Supplemental Jurisdiction Exists Over All Related State Law Claims.

Even if the Court were to find that diversity jurisdiction is lacking, it must retain jurisdiction over all state law claims under 28 U.S.C. § 1367(a) because they derive from a common nucleus of operative fact. All of Plaintiffs' causes of action—including negligence, conversion, and consumer fraud—arise from the same wrongful course of conduct by Turo and its co-defendants. Judicial economy and fairness weigh heavily against dismissal where the federal and state claims are intertwined.

III. Dismissal Would Be Premature Before Jurisdictional Discovery.

Turo asserts that no federal claim exists and that complete diversity is lacking, yet those assertions depend on disputed factual premises regarding (a) the citizenship of individual plaintiffs and LLC members, and (b) Turo's role as a creditor or financial intermediary. Because these issues require factual development, dismissal at this stage would be improper.

IV. In the Alternative, Plaintiff Requests Leave to Amend to Assert a Claim Under The Truth In Lending Act

Should this Honorable Court decide that Plaintiff's current pleading does not sufficiently invoke federal question jurisdiction under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Plaintiff, then most respectfully requests leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Third Circuit has consistently recognized a liberal standard for granting leave to amend, even where a jurisdictional challenge is pending.

Federal courts possess jurisdiction to consider motions for leave to amend that would cure jurisdictional defects. In *Agostino Ferrari, S.p.A. v. Antonacci*, 858 F. Supp. 478 (E.D. Pa. 1994), the court rejected the defendant's argument that it lacked power to entertain a motion to amend once subject matter jurisdiction was challenged, holding that "where the amendment would itself supply the basis for jurisdiction, the court may and should consider the proposed amendment before dismissing for lack of jurisdiction." Similarly, the Third Circuit in *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874

(3d Cir. 1992), reversed a dismissal for lack of subject matter jurisdiction where the district court had denied leave to amend, emphasizing that jurisdictional defects may be cured by amendment and that jurisdiction is not irrevocably lost simply because it was not invoked at the inception of the action.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Turo Inc.'s Motion to Dismiss in its entirety, or, in the alternative, permit jurisdictional discovery to determine the factual bases of Turo's assertions regarding subject-matter jurisdiction.

Dated: October 17, 2025

Respectfully submitted,

Jay Kanetkar, Esq

Attorney for Plaintiffs