Paul H. Aloe, Esq.
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1888
Counsel for Nicolas Perkin, Sydney Klavans, Perkin Industries, LLC and DrivePro, LLC

Douglas T. Tabachnik, Esq.
LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
63 West Main Street, Suite C
Freehold, NJ 07728
Tel: 732-780-2760
Fax: 732-780-2761
dtabachnik@dttlaw.com
Counsel for Stephen Alvarez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity,<br><br>Defendants. | Case No. 2:25-cv-12133-ES-MAH |

**<u>REPLY ON RULE 12 MOTION TO DISMISS</u>**

Defendants Stephen Alvarez, Nicolas Perkin, Sydney Klavans, Perkin Industries, LLC and DrivePro, LLC filed a motion to dismiss (docket no. 9). Plaintiffs have responded to the motion filed by defendant Turo Inc. (docket no. 8), but not to the motion filed by Defendants Stephen Alvarez, Nicolas Perkin, Sydney Klavans, Perkin Industries, LLC and DrivePro, LLC.

There is no response at all to the lack of any service on NICOLAS PERKIN, PERKIN INDUSTRIES, LLC, or showing that NICOLAS PERKIN, PERKIN INDUSTRIES, LLC, and SYDNEY KLAVANS are subject to the personal jurisdiction of the Court. Given these prongs of the motion are undisputed, assuming that there is subject matter jurisdiction, those prongs of the motion should be granted as unopposed.

As to subject matter jurisdiction, plaintiffs concedes that diversity jurisdiction is "imperfect." That's an understatement. As set forth in the motion, the requirement of complete diversity has been black letter law since Justice John Marshall's decision in *Strawbridge v. Curtiss,* 7 U.S. 267 (1806). Plaintiffs also fail to show how they meet the $75,000 jurisdictional threshold.

Plaintiffs now say that the allegations of their complaint establish "a federal question under the "Truth and Lending Act" Plaintiffs' Turo Mem. at 1. They ask for leave to amend. Nothing in the complaint, or in plaintiffs' opposition, remotely suggests that there is a debtor/creditor relationship sufficient to establish a TILA claim.

It is well settled that "leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (*quoting, Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). Here, plaintiffs do not even proffer a proposed amended complaint, nor do they explain to the Court how it is remotely possible that they would have a TILA claim.

Any amendment would be futile. Plaintiffs' opposition shows that plaintiffs' counsel has not undergone the analysis required under FRCP Rule 11.[1] The motions should be granted, and no amendment should be permitted.

Dated: October 27, 2025

Respectfully submitted,

KUDMAN TRACHTEN ALOE POSNER LLP

By: /s/ Paul H Aloe
Paul H. Aloe, Esq.
488 Madison Avenue
23rd Floor
New York, NY 10022
Tel: 212-868-1010
Fax: 212-868-0013
paloe@kudmanlaw.com
Counsel for Nicholas Perkin, Sidney Klavans, Perkin Industries, LLC and DrivePro, LLC

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

By: /s/ Douglas T. Tabachnik
Douglas T. Tabachnik, Esq
63 West Main Street, Suite C
Freehold, NJ 07728
Tel: 732-780-2760
Fax: 732-780-2761
dtabachnik@dttlaw.com
Counsel for Stephen Alvarez

[1] All Defendants on this pleading reserve all rights and remedies under Fed. R. Civ. P. 11 and 28 U.S.C. sec. 1928.