HOLLAND & KNIGHT LLP
Christine N. Walz
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: 212.513.3368
Fax: 212.385.9010
E-mail: christine.walz@hklaw.com
*Attorney for Defendant Turo Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------x

JOSE DIAZ, Maidy Perez, Milda Polanco,
Jose Vasquez, Evelyn Valentine, Nelson Lopez,
Rolando Chico, Gisselle Aquilar, and
Jeiby Vizcaino, Jesus Maldonado

Plaintiffs,

v. Case No.:2:25-cv-12133-ES-MAH

STEPHEN ALVAREZ, NICOLAS PERKIN,
SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC,
in its official capacity, and TURO, INC.,
in its official capacity

Defendants.

------------------------------------------------------------------x

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Turo Inc. (“Turo”) respectfully submits this reply in support of its motion to dismiss Plaintiffs’ Complaint for lack of subject-matter jurisdiction.

Plaintiffs’ Opposition to Turo’s Motion to Dismiss fails to remedy the fundamental jurisdictional defects with their Complaint – namely, that there is not complete diversity, nor does the Complaint present a federal question. For these reasons, the Court lacks subject-matter jurisdiction and the case must be dismissed.

**A. There Is Not Diversity Jurisdiction.**

Plaintiffs do not meaningfully contest that there is not complete diversity in this action, nor could they. Based on Plaintiffs' own allegations, not all Plaintiffs are diverse from all Defendants. While Plaintiff Diaz is a citizen of Georgia, the remaining nine named Plaintiffs are citizens of New Jersey. *Id.* at ¶¶ 7-17. And Defendant Alvarez is also a citizen of New Jersey. *Id.* at ¶ 17.

Therefore, there is not complete diversity.

And, Plaintiffs' contention that dismissal on these grounds would be improper because there could be "disputed factual premises regarding….the citizenship of individual plaintiffs and LLC matters" (Opp. a 4) is baseless. Turo's motion relies on Plaintiffs' own allegations about the parties' citizenship – including primarily their own. This Court can credit those, in the absence of any facts or specific allegations asserted to the contrary without allowing jurisdictional discovery.

**B. There Is No Federal Question.**

Plaintiffs incorrectly contend that the action arises under the Truth in Lending Act, therefore, raising a federal question. Plaintiffs concede that they do not plead a separate cause of action under the Truth in Lending Act, but nonetheless argue that this is not necessary because the factual allegations state a violation of federal law. (Opp. at 2).

Plaintiffs cite only *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) as support for this argument. In *Arbaugh* the plaintiff pled a violation of Title VII, a federal statute. The case was tried before a jury, and after a jury trial, the defendant moved to dismiss for lack of subject-matter jurisdiction, arguing that Title VII's definition of employer was not met. The issue in that case was whether the definition of employer was an element of the Title VII claim or jurisdictional (such that it could be questioned at any stage of the litigation).

*Arbaugh* is, therefore, inapposite.

Plaintiff cannot invoke federal question jurisdiction without pleading a federal cause of action, except in limited circumstances not presented here.[1] Had they pled a claim under the Truth in Lending Act, Turo would have moved to dismiss under Rule 12(b)(6) because there is no viable TILA claim against it or the other Defendants. The Truth in Lending Act is not a general consumer protection statute, like Plaintiffs suggest it is. Instead, it is specific statute that requires creditors to make certain written disclosures to consumers concerning finance charges and related aspects of credit transactions (including disclosing an annual percentage rate). *See* 15 U.S.C. §§ 1601-1667f. It applies only to "creditors:" people who regularly extend consumer credit, which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required; and (2) to whom the debt is initially payable. 15 U.S.C. § 1602(f).

There are no allegations on the face of Plaintiffs' complaint that Turo or any of the Defendants are creditors. Indeed, Plaintiffs contend that Defendant Alvarez solicited Plaintiffs to participate in a *business* venture (Complaint at ¶23) and there are no allegations that any of the Defendants made loans or offered credit to Plaintiffs. *Taggart v. Wells Fargo Home Mortg., Inc.*, 563 F. App'x 889, 892 (3d Cir. 2014)(TILA does not apply to transactions primarily for business purposes); *Wolfington v. Reconstructive Orthopaedic Assocs. II, P.C.*, 268 F. Sup. 3d 756, 762 (E.D. Pa. 2016), *aff'd sub nom. Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187 (3d Cir. 2019)("[W]hether one is a TILA creditor is a bifurcated question, requiring a person both to be a. reditor' in general, by extending credit in a certain minimum number of transactions, and to be the 'creditor' in the specific transaction in dispute.")

[1] *See Sullivan v. Novartis Pharms. Corp.*, 602 F. Supp. 2d 527, 530 (D.N.J. 2009) (internal citations omitted) (noting that federal courts can have jurisdiction over state law claims where the dispositive issue involves constitutionality of a federal statute or interpretation of a federal statute).

The Truth in Lending Act, therefore, has no application to any of the factual allegations against Turo (or the other Defendants in this case) and this Court does not have federal question jurisdiction to hear the claims.

**C. The Court Cannot Exercise Supplemental Jurisdiction.**

Finally, Plaintiffs ask this Court to exercise supplemental jurisdiction over the state law claims. But, district courts routinely decline to exercise supplemental jurisdiction when there is no longer any basis for original jurisdiction. *Diaz v. Bullock*, 268 F. Supp. 3d 640, 659 (D.N.J. 2017). Here, where there was never a basis for federal jurisdiction, the Court should decline to exercise jurisdiction over the state law claims, which form the entirety of the dispute.

## CONCLUSION

Because there is neither diversity jurisdiction nor federal-question jurisdiction over Plaintiffs' claims, this Court lacks subject-matter jurisdiction over the entire Complaint and it must be dismissed.

Dated: October 27, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Christine N. Walz

Christine N. Walz
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: 212.513.3368
Fax: 212.385.9010
E-mail: christine.walz@hklaw.com
*Attorney for Defendant Turo Inc.*