Jay Kanetkar, Esq (ID 000031994)
Law Offices of Jay Kanetkar, Esq LLC
c/o 112 Jabez St Suite 101
Newark, NJ 07105
201-563-4144/ (t) 973-344-0321 (f)
jpkanetkar@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vasquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aquilar, and Jeiby Vizcaino, Jesus Maldonado,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, in its official capacity, and TURO, INC., in its official capacity<br><br>Defendants. | Case No.:2:25-cv-12133-ES-MAH<br><br>AMENDED COMPLAINT |

JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, by and through their attorneys, ASATRIAN LAW GROUP, L.L.C., for their Complaint against STEPHEN ALVAREZ , NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity, allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

PRELIMINARY STATEMENT

1. Plaintiff JOSE DIAZ, individually and on behalf of himself and all others similarly situated, alleges on information and belief, and based on personal knowledge, that Defendants STEPHEN ALVAREZ, PERKIN INDUSTRIES, DRIVEPRO, AND TURO INC. have engaged in the following unlawful acts and omissions:

I. Breach of Contract;

II. Negligent Misrepresentation;

III. Negligence and Gross Negligence

IV. Conversion of Plaintiffs Property;

V. Invasion of Privacy in violation of N.J. Stat. § 2C: 14-9;

VI. Attempted Impersonation; Theft of identity in violation of N .J. Stat. § 2C:21-17;

VII. Destruction of Property in violation of N.J. Stat.§ § 2C: 17-3;

VIII. Theft by Deception in violation of N.J. Stat. § 2C:20-4;

IX. Violation of the New Jersey Toll Collections Monitoring System, N.J. Stat. Ann. § 27:23-34.2;

X. Violation of the New Jersey Consumer Fraud Act, N.J. Stat.§ 56:8-2; and

XI. Violation of the New Jersey Tort Claims Act, NJ. Stat. Ann. § 59: 1-

Through these actions, Defendants caused significant financial, legal, and personal harm to Plaintiff and similarly situated individuals.

2. Plaintiffs seek FIFTY MILLION DOLLARS in Damages, Payment of all tickets, fines, and fees, restoration and return of all vehicles.

**JURISDICTION**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., including failures to provide accurate disclosures regarding lease terms, payment obligations, repossession liability, toll liabilities, insurance obligations, excess

mileage liabilities, collection exposure, and financing arrangements connected to the vehicle lease transactions described herein.

4. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts.

**VENUE**

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district.

**PARTIES**

7. JOSE DIAZ is an individual who resides in Villa Rica, Georgia. JOSE DIAZ is a citizen of Georgia. JOSE DIAZ's involvement with Defendant ALVAREZ began in 2021, and he has since experienced severe financial hardship, including but not limited to acquiring thousands of dollars in tickets and fines in the states of New York and New Jersey, damaged vehicles, and damaged credit.

8. JESUS MALDONADO is an individual who resides in NORTH BERGEN, NEW JERSEY. Jesus Maldonado is a citizen of NEW JERSEY. Jesus Maldonado leased seven cars of which he was paid by Defendant ALVAREZ, but the payments ceased after some time. Due to this unfortunate event, Maldonado has accumulated over $20,00 in EZ-Pass tickets and continues to owe thousands of dollars for an auctioned vehicle.

9. MAIDY PEREZ is an individual who resides in NORTH.BERGEN, NEW JERSEY. Maidy Perez is a citizen of NEW JERSEY. Maidy Perez leased two cars under similar circumstances as other Plaintiffs and payments for her cars remain unpaid. Originally rented through Turo, DrivePro has refused to cover invoices, damages, or mileage fees.

10. MILDA POLANCO is an individual who resides in KEARNY, NEW JERSEY. Milda Polanco is a citizen of NEW JERSEY. Milda Polanco started working with Defendant ALVAREZ in 2021, and Milda leased four cars for Defendant ALVAREZ but retained one for herself. Defendant ALVAREZ assured her that car insurance payments would be handled on time; however, coverage for all payments and car insurance would lapse.

11. JOSE VAZQUEZ is an individual who resides in CARLSTADT, NEW JERSEY. Jose Vazquez is a citizen of NEW JERSEY. Jose Vazquez allowed Defendant ALVAREZ to use his BMW under DNCD. Early in 2022, the car was stolen, but ALVAREZ 's negligence-leaving the keys inside-prevented insurance from covering the loss.

12. EVELYN VALENTINE is an individual who resides in WAYNE, NEW JERSEY. Evelyn Valentine is a citizen of NEW JERSEY. Evelyn Valentine is the legal owner of nine vehicles, as her son, NELSON LOPEZ, leased the vehicles in her name. The address for the vehicles was then changed to reflect Defendant ALVAREZ 's address.

13. NELSON LOPEZ is an individual who resides in WAYNE, NEW JERSEY. Nelson Lopez is a citizen of NEW JERSEY. NELSON LOPEZ acquired nine vehicles under the name of his mother, EVELYN VALENTINE, to do business with Defendant Alvarez.

14. ROLANDO CHICO is an individual who resides in WAYNE, NEW JERSEY. Rolando Chico is a citizen of NEW JERSEY. Rolando Chico entered into the same business agreement with DrivePro; his payments also ceased, and Plaintiff Chico faces license suspension and has been banned from using New York and New Jersey tunnels.

15. GISSELLE AGUILAR is an individual who resides in BELLEVILLE, NEW JERSEY. Gisselle Aguilar is a citizen of NEW JERSEY. Gisselle Aguilar leased one vehicle under the DrivePro agreement. Her car payments ceased, her vehicle accrued multiple tickets and fines, and she now faces license suspension, inter alia.

16. Upon information and belief, JEIBY VIZCAINO is an individual who resides in NEW JERSEY. Jeiby Vizcaino is a citizen of New Jersey. As the financial manager of Drivepro, Jeiby Vizcaino handled the company's finances and documented several instances of financial mismanagement, including overpaying employees, hiring friends, and neglecting payments for vehicle dues, tickets, and mechanics.

17. Upon information and belief, STEPHEN ALVAREZ is an individual who resides in WEST NEW YORK, NEW JERSEY. Upon information and belief, STEPHEN ALVAREZ is a citizen of NEW JERSEY. STEPHEN ALVAREZ solicited each Plaintiff individually to participate in a business venture involving leasing luxury vehicles for use on the car rental platform Turo. ALVAREZ 's company, DNDC, was bought out by Perkin Industries and has since been recognized as DrivePro, LLC.

18. Upon information and belief, NICOLAS PERKIN is an individual who resides in NEW ORLEANS, LOUISIANA. Upon information and belief, NICOLAS PERKIN is a citizen of LOUISIANA. NICOLAS PERKIN is the CEO of Perkin Industries and has acquired Defendant ALVAREZ 's Drivepro, has failed to properly and professionally conduct business after the acquisition, and has been unresponsive to Plaintiffs inquiries regarding their property and the purpose of this action.

19. Upon information and belief, SYDNEY KLA VANS is an individual who resides in NEW ORLEANS, LOUISIANA. Upon information and belief, SYDNEY KLA VANS is a citizen of LOUISIANA. SYDNEY KLA VANS is the Director of Operations who failed to appreciate this matter's urgency. Subsequently failing to provide the Plaintiffs with adequate information regarding vehicle payments, tickets and fines, and the restoration and return of the Plaintiffs Property.

20. Upon information and belief, PERKIN INDUSTRIES, LLC is a limited liability company formed under the laws of Louisiana and does business in NEW ORLEANS, LOUISIANA. Upon information and belief, PERKIN INDUSTRIES, LLC has two (2) members: Nicola Perkin is a citizen of LOUISIANA, and Sydney KLA VANS is, a citizen of LOUISIANA. PERKIN

INDUSTRIES, LLC acquired DrivePro and has since handled all finances and business in conjunction with and on their behalf. They have mishandled funds, property, and requests by the plaintiffs and have failed to remedy the damage done and continues to be done by Defendant ALVAREZ and, consequently, Turo.

21. Upon information and belief, DRIVEPRO, LLC is a limited liability company formed under the laws of LOUISIANA and does business in NEW JERSEY. Upon information and belief, DRIVEPRO, LLC has two (2) members: STEPHEN ALVAREZ is a citizen of NEW JERSEY; NICOLAS PERKIN is a citizen of LOUISIANA. DRIVEPRO, LLC is the entity managed and held by both Defendant ALVAREZ and Defendant PERKIN. DrivePro has failed to appreciate the revocation of vehicle use by the Plaintiffs and attempted to obtain information to renew lease agreements.

22. Upon information and belief, TURO INC. is a corporation that is incorporated in Delaware and has its principal place of business in SAN FRANCISCO, CALIFORNIA. TURO INC. is the platform which allowed and continues to allow the destruction and use of the Plaintiffs vehicles and failed to appreciate the Plaintiffs revocation of use of the vehicles. Defendants PERKIN INDUSTRIES, LLC, NICOLAS PERKIN, and SYDNEY KLAVANS purposefully directed business activities toward the State of New Jersey by managing, supervising, profiting from, and exercising operational control over vehicle leasing activities involving New Jersey residents and vehicles registered, operated, and maintained in New Jersey. These Defendants communicated with Plaintiffs located in New Jersey, controlled business operations affecting New Jersey residents, and knowingly continued vehicle rental operations involving New Jersey property and liabilities.

## FACTS

23. Defendant Stephen ALVAREZ solicited Plaintiffs individually to participate in a business venture involving the leasing of luxury vehicles for use on the car rental platform Turo. While the vehicles were primarily intended for business purposes, some Plaintiffs acquired cars for personal use based on Defendant ALVAREZ 's promise to compensate them. Plaintiffs, however,

experienced numerous issues, including unpaid invoices, lapsed insurance coverage, and accumulating tickets, all of which Defendant ALVAREZ failed to Address.

24. Nelson Lopez leased nine cars under his mother, Evelyn Valentine's, name, with Stephen promising $3,000 per month, but no payments were ever made. Many of the cars were either repossessed, totaled, or remain unaccounted For.

25. Jose Diaz, another individual affected, worked with Stephen ALVAREZ, who leased vehicles in his name, leading to over $50,000 in unpaid tickets, a license suspension, and an inability to drive in New York or use tunnels and bridges.

26. Rolando Chico, Jose's stepfather, entered into the same deal but eventually stopped receiving payments. He now faces license suspension threats due to accumulated unpaid tickets, and his cars remain unreturned.

27. Gisselle Aguilar leased one car, but payments for tickets were neglected, leading to a license suspension. Her Mercedes-Benz was repossessed due to $15,000 in unpaid debt, and the company only acknowledged the repossession because a customer's laptop was inside the car.

28. Milda Polanco, another victim, leased four cars, with three rented out and one kept for personal use. The vehicle tickets and invoices were sent to Stephen Alavarez’s address, totaling over $30,000, and she is now facing license suspension due to unpaid violations.

29. Maidy Perez leased two cars, but DrivePro continued using them without making payments-all documented transactions in a spreadsheet.

30. Jesus Maldonado, a former renter, had a Range Rover involved in an accident, and despite an insurance payout, Stephen pocketed the money, leaving Jesus without compensation. Due to excessive debts, DrivePro also failed to pay its mechanics for repairs and maintenance.

Attached hereto as Exhibit 1 through 12 is a true and correct copy of the recorded loss, violations, and suspension acquired by the parties stated above

31. After acquiring DNCD, Perkin Industries rebranded it as DrivePro, yet despite the ownership transfer, Stephen continued renting vehicles while neglecting liabilities such as insurance, tickets, and lease payments.

32. Perkin claimed they were not responsible for these issues but refused to return vehicles or provide financial restitution.

33. The company also accumulated massive unpaid ticket debt in New York and Delaware, leading collection efforts targeting the original leaseholders rather than Stephen himself.

34. The fraudulent actions of Stephen ALVAREZ and DrivePro have resulted in severe financial damages, vehicle losses, and legal repercussions for multiple individuals.

35. In 2023, Defendant Perkin Industries purchased ALVAREZ 's company and rebranded it as DrivePro LLC. Following this acquisition, financial mismanagement worsened. Although Defendant Appeared to assume ALVAREZ 's liabilities, it failed to fulfill any obligations, including making payments for the vehicles. As a result, Plaintiffs experienced repossessions, mounting tickets, and delinquent accounts.

36. DrivePro also continued to rent vehicles with expired registrations. On January 25, 2025, a representative of DrivePro requested Plaintiff Rolando Chico's Social Security number via text message to update the registration of his Corvette. This vehicle had been sitting at a body shop for over a year due to non-payment. Additionally, Nelson Lopez's mother, Evelyn Valentine, received a credit alert indicating her license had been fraudulently linked to Defendant ALVAREZ 's address. These actions have resulted in severe financial and legal repercussions for the Plaintiffs.

Attached as Exhibit 13 through 20 is a true and correct copy of vehicle repossessions, Perkin Industries recordings, and vehicle damage recordings.

37. Plaintiff Jose Diaz began his involvement with Defendant ALVAREZ in 2021, initially managing 3-4 vehicles independently before allowing ALVAREZ to oversee operations. ALVAREZ promised to compensate Diaz $400 per month for each luxury vehicle. Additionally, ALVAREZ began to lease additional cars in

Diaz's name; although payments were being made on his car, the traffic tickets were not being paid, resulting in numerous tickets being added to his driving record. This has made it impossible for him to get insurance, drive in New York, or use tunnels and bridges. Plaintiff Diaz faces $50,000 in unpaid tickets, with potentially more unknown tickets and daily accumulating fees. By 2023, payments ceased entirely, and Diaz was left with damaged credit and a financial burden. In July of 2024, after not having his car since June of 2023, he received a damaged car that has not yet been fixed, although he calls for it to remain untouched in a body shop, despite reaching out for updates on its progress. Plaintiff Diaz has submitted all relevant fees and documentation to the company but was forced to sell his house to cover the mounting costs. He now faces ongoing collection calls and wage garnishments. Plaintiff Diaz was ultimately forced to involve the police to recover his car; however, other vehicles valued at over $100,000 were used and ultimately destroyed, and DrivePro has denied responsibility and refuses to return the property. Although Diaz spoke with CEO Mitch regarding the matter, no follow-up actions were taken. Plaintiff Diaz has since contacted Perkin on multiple occasions without a substantial or complete response. As of January Klavans, who denies responsibility for their actions but has attempted to inadequately provide courtesy relief. As of January 2025, Diaz has received a quote of over$ 5,000 to repair the damaged vehicle.

Attached hereto as Exhibit 21 through 46 is a true and correct copy of spreadsheets documenting all vehicle costs and each vehicle leased by Defendant, Including, but not limited to, Acura MDX 2022 Aspect, Audi A3 2022, and Honda Civic Hatch 2022. In addition to photos of damages and correspondence with the Defendant.

38. Plaintiff Rolando Chico, Diaz's stepfather, entered into the same business agreement with DrivePro. Despite initial payments, DrivePro defaulted on its obligations and failed to formalize the agreement. As a result, Chico has accrued numerous unpaid tickets, cannot access New York or New Jersey tunnels, and faces the threat of license suspension. His Corvette has remained at a body shop for over a year due to DrivePro' s refusal to pay repair costs.

Attached hereto as Exhibit 4 7 through 65 is a true and correct copy of spreadsheets documenting all vehicle costs, collections notices, credit reports, and court notices.

39. Plaintiff Gisselle Aguilar released one car under the DrivePro agreement. Although initial payments were made, tickets accrued and went unpaid, resulting in a suspended license and collections. This office sent notification of this action to Union City Municipal Court on her behalf. Aguilar is now behind $15,000, her car has been repossessed, and a Mercedes-Benz was auctioned, leaving her with an additional debt of $90,000. Despite the lease ending, DrivePro continued using the car without making payments. The dealership has threatened legal action, including issuing a warrant for non-payment. Plaintiff Jose Diaz paid a $60 ticket to prevent Aguilar's license from being suspended. Aguilar's car remains listed on Turo but is being rented privately without insurance.

Attached hereto as Exhibit 66 through 90 is a true and correct copy of spreadsheets documenting all vehicle costs, tickets accrued, and municipal court Notices.

40. Plaintiff Milda Polanco began working with ALVAREZ in 2021, leasing three cars for him while retaining one for herself. ALVAREZ assured her that payments and insurance would be handled in a timely manner. As ALVAREZ 's business expanded and transitioned to Drive Pro LLC under the ownership of Perkin Industries, Plaintiff requested a formal contract to address the terms of the arrangement. Specifically, Plaintiff sought written assurances for timely payments on all four cars, compensation in the form of a percentage of the revenue generated from the rented vehicles, and an agreement to cover invoices for damages and excess mileage when the leases matured, should the vehicles be returned.

41. Following the acquisition of Drive Pro LLC by Perkin Industries, Plaintiff Polanco discovered that the cars, including their personal vehicle, were uninsured.

In June 2023, an individual renting the car was pulled over for reckless driving, resulting in four tickets issued under the Plaintiff Polanco’s name. These tickets caused Plaintiff Polanco’s license to be suspended, and points added to her driving record.

DrivePro initially failed to address the tickets, only paying them in December 2023 after Plaintiff  Polanco brought the issue to their attention. As a result, the Plaintiff was unable to obtain insurance through standard providers and had to pay over $5,000 for one year of state-mandated insurance.

42. On December 26, 2024, ALVAREZ contacted the Plaintiff Polanco. claiming that outstanding tickets would be paid through a monthly payment plan. However, ALVAREZ also stated that Perkin Industries, which had acquired his business, would not assume responsibility for invoices related to excess mileage or damages, even though the vehicles continued to be rented out. Plaintiff Polanco reminded ALVAREZ of prior assurances that all invoices would be paid in full if the vehicles were not purchased and transferred into the ownership of DrivePro LLC. These assurances were not honored, and it took months of persistence before the Plaintiff finally recovered the three leased vehicles.

43. Mazda CX-5 (2021) was stolen and subsequently recovered in Florida after several weeks. Following its recovery, the vehicle was rented out to an individual in New York, where it repeatedly accumulated parking violations and was booted in both New York and New Jersey. Upon its return, the vehicle exhibited extensive external and internal damage, exceeded the allotted mileage, and had been operated without a valid inspection sticker. The vehicle was ultimately returned around July 2024, close to the lease maturity date. The renter refused to return the vehicle until the Plaintiff threatened to involve law enforcement.

44. Over the course of its lease, Toyota Corolla (2021) was involved in multiple severe accidents, with many of the resulting damages left unrepaired despite assurances that repairs would be made. When the vehicle was returned in July 2024, it was in significantly worse condition than when last seen two years prior and had exceeded the allowable mileage. The car had been rented by a single individual for an extended period and was driven across multiple states, including North Carolina. The vehicle was reluctantly returned near the lease maturity date only after the Plaintiff threatened police intervention.

45. BMW 3-Series (2021) accumulated the most unpaid parking violations, many of which remain outstanding. Upon its return, the vehicle was found to be severely damaged, significantly over mileage, and accompanied by the highest invoice for necessary repairs. Supporting invoices detail the extent of the damages. Additionally, the vehicle was returned well past the lease maturity date. Attached hereto as Exhibit 91 through 99 is a true and correct copy of the car-sharing agreement for the Plaintiffs Toyota Corolla, the proposed letter of agreement, billing notices, and multiple vehicle violation notices.

46. Plaintiff Nelson Lopez leased nine cars under his mother, Evelyn Valentine's name, based on ALVAREZ 's promise of $3,000 per month in payments. However, Lopez received only sporadic payments of $1,200 before they stopped entirely. Insurance payouts from accidents were pocketed by ALVAREZ instead of being used for repairs, and many of the vehicles were either repossessed, totaled, or sold to collections. This left Lopez and his mother with significant debts and damaged credit. Additionally, Valentine received an alert that her license had been fraudulently linked to ALVAREZ 's address. As of February 2025, the state of New York has executed a judgment against one of Ms. Valentine's vehicles. Attached hereto as Exhibit 100 through 104 is a true and correct copy of a municipal court notice, tickets, a repossession notice, and each vehicle leased by the Defendant. Including, but not limited to, a Tesla Model 3 2020, Chevrolet Tahoe 2022, MazdaCX30 2022.

47. Plaintiff Jeiby Vizcaino, a co-founder of the original business with ALVAREZ, exited the venture before Perkins' s acquisition. Vizcaino managed finances, while ALVAREZ handled clients. He documented widespread financial mismanagement, including overpaying employees, hiring friends, and neglecting vehicle dues, tickets, and mechanic fees. Vizcaino also noted that ALVAREZ misused company funds for personal expenses, such as rent, and pocketed revenue from ticket fees. Before Vizcaino exited, the company operated over 100 vehicles but lost $20,000 to $40,000 monthly. Tickets tied to the company have since surfaced in multiple states, including Delaware.

48. Plaintiff Jesus Maldonado initially leased seven cars and was making payments for the cars and insurance, but Stephen Alvarez eventually stopped paying him his percentage. The agreement between Plaintiff and Defendant involved Plaintiff receiving the proceeds from the leased vehicles after Defendant removed his percentage-which was around 10 percent. Sometime during their agreement, one of the vehicles was stolen, and the other was severely damaged. Plaintiff Maldonado contacted Turo and was notified that they had already compensated ALVAREZ for the damage.

49. Despite being the legal owner, Plaintiff Maldonado did not receive notice or proceeds from his damaged car. Plaintiff continued to pay the $24,000 for the stolen vehicle and did not receive compensation from Defendant ALVAREZ. Additionally, Maldonado has around $20,000 in unpaid EZ Pass toll tickets, which were paid for by Turo. However, Defendant ALVAREZ kept the money for the stolen car.

50. Plaintiff Maidy Perez accrued $7,000 in unpaid New York tickets and $30,000 in vehicle invoices, and her credit was fraudulently linked to AL V AREZ's address. One car was stolen and later recovered with significant damage. This has left her with significant financial strain, and the ongoing threat of losing her ability to drive would significantly impact her ability to care for her son, who has special needs, including a speech impediment and a lung condition.

Attached hereto as Exhibit 105 through 111 is a true and correct copy of billing statements, tickets, and municipal court notices.

51. The Plaintiffs collectively suffered substantial financial, legal, and personal damages as a result of Defendants' negligent, fraudulent, and unlawful practices. Defendants ALVAREZ, Perkin Industries, and DrivePro LLC consistently failed to fulfill contractual obligations, mismanaged funds and continued to use the Plaintiffs' assets without payment, resulting in severe repercussions for all parties involved. Defendants failed to disclose material lease and financing terms to Plaintiffs, including payment obligations, repossession liability, toll liabilities, excess mileage liabilities, insurance obligations, collection exposure, and financial risks associated with the vehicle leasing arrangements. Plaintiffs were not

provided with accurate written disclosures explaining the true financial obligations connected to the transactions. Defendants continued using Plaintiffs' vehicles while concealing mounting liabilities, unpaid tolls, insurance lapses, repossession risks, and collection activity from Plaintiffs.

Plaintiffs are in the process of effectuating and/or re-serving all remaining defendants and will provide proof of service pursuant to Rule 4(l). To the extent necessary, Plaintiffs request additional time pursuant to Rule 4(m) for good cause shown.

**COUNT l**
**BREACH OF CONTRACT**
**As against STEPHEN ALVAREZ, DRIVEPRO, LLC, in its official capacity and TURO INC., in its official capacity**

52. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 50 hereof, as if fully set forth herein.

53. At all relevant times, Plaintiffs and Defendant ALVAREZ were in a contractual relationship in which Defendant ALVAREZ owed and breached his duty toward the plaintiffs by failing to pay for, insure, safely keep, and maintain the leased vehicles in his possession.

54. Plaintiffs, in accordance with the agreement, leased multiple luxury cars for the Defendant's company DNDC. Multiple Plaintiffs agreed to retain one car for personal use, and Defendant ALVAREZ promised to pay all necessary Obligations.

55. Defendant ALVAREZ initially performed his contractual duties but then refused to make car payments, maintain car insurance, pay tickets and tolls accumulated by customers, and allow vehicles to be stolen, vandalized, and Repossessed.

56. Despite Plaintiffs demands for compliance with the contractual terms, the vehicles continued accumulating debt and became damaged or lost.

57. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered damages, including but not limited to over $200,000 in tickets and

repossession fees, revocations of licenses and access to bridges in New York and New Jersey, and damaged credit scores, inter alia.

58. Defendant's conduct constitutes a breach of contract under New Jersey law.

59. Plaintiffs lack an adequate remedy at law.

60. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs. Plaintiffs seek Specific performance of the contract and reimbursement of all fees, fines, and monetary losses.

**COUNT2**
**NEGLIGENT MISREPRESENTATION**
**As against STEPHEN ALVAREZ, NICOLAS PERKIN, PERKIN INDUSTRIES, LLC, in its official capacity and DRIVEPRO, LLC, in its official capacity**

61. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado repeat and reallege paragraphs 1 through 59 hereof, as if fully set forth herein.

62. Defendant represented to Plaintiffs appropriate use of the leased vehicles and management of all financial obligations associated with such, which was false.

63. Defendant knew or should have known that the information was false or failed to exercise reasonable care in ascertaining the truth. Defendant ALVAREZ misused company funds for personal rent, charged customers for tickets without paying fees, and retained the revenue. Defendant provided this information intending, or reasonably expecting, that Plaintiff would rely on it.

64. Plaintiffs reasonably relied on the misrepresentation to their detriment.

65. As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff suffered economic loss, including but not limited to over $200,000 in tickets and repossession fees, revocations of licenses and access to bridges New York and New Jersey, and damaged credit scores, inter alia.

66. Defendant's conduct constitutes negligent misrepresentation under New Jersey.

67. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT3**
**NEGLIGENCE AND GROSS NEGLIGENCE**
**As against STEPHEN ALVAREZ, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity and TURO INC., in its official capacity**

68. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Everly Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado repeat and reallege paragraphs 1 through 66 hereof, as if fully set forth herein.

69. Negligence by Private Defendants:

70. At all relevant times, Defendants Perkins Industries, DrivePro LLC, and Turo Inc. engaged in business activities that involved the use, registration, and management of Plaintiffs' vehicles, as well as handling sensitive personal information, including Social Security numbers and driver's license data.

71. Defendants owed Plaintiffs a duty of care to:

72. Safeguard Plaintiffs' personal and financial information from fraudulent use;

73. Properly manage vehicle registrations in compliance with state and federal laws;

74. Ensure that vehicles operated under their business platforms were legally registered, insured, and compliant with toll collection systems.

75. Defendants breached their duties by:

76. Perkins Industries and DrivePro LLC knowingly operating vehicles with fraudulent or expired registrations, resulting in toll violations, traffic tickets, and legal penalties imposed on Plaintiffs.

77. Soliciting Plaintiffs' sensitive information under false pretenses and using it without proper authorization, leading to identity theft and credit damage.

78. Turo' s failure to implement adequate safeguards to prevent the continued listing and rental of vehicles tied to fraudulent accounts, even after receiving complaints from Plaintiffs regarding unauthorized use.

79. Defendants' negligent and reckless conduct directly facilitated and exacerbated Plaintiffs' injuries, including:

80. Over $90,000 in unpaid tolls, traffic violations, and legal fees improperly attributed to Plaintiffs;

81. Suspension of driver's licenses, revocation of access to New York and New Jersey bridges and tunnels, and significant disruptions to Plaintiffs' ability to work and travel;

82. Emotional distress, financial losses, and reputational harm caused by fraudulent activity tied to their names.

83. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**COUNT4**
**CONVERSION OF PLAINTIFF'S PROPERTY**
**As against STEPHEN ALVAREZ and DRIVEPRO, LLC, in its official capacity**

84. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado repeat and reallege paragraphs 1 through 82 hereof, as if fully set forth herein.

85. At all relevant times, Plaintiff owned or had the right to possess the following property: Chevrolet Corvette 2022; Chevrolet Tahoe 2022; Audi Q5 2022; Volvo XC40 2022; Acura MDX 2022; BMW XS 2022; Toyota Corolla Hatchback 2022; Mercedes Benz; Mazda CX 30 2022; Toyota Corolla Cross 2022; Mazda CX-5 2021; BMW 3-Series 2021; Toyota Corolla 2021; Tesla Model 3 2020; Chevrolet Tahoe 2022, MazdaCX30 2022; Acura MDX 2023; BMW X6; Audi SQ7 2022; Volvo XC 60 2022; Dodge Durango RT 2022; Genesis G70 2020;

Hyundai Elantra 2021; Jeep Gladiator 2022; Mercedes-Benz S580 2022; Land Rover; Mazda Mazda3 2022; Range Rover Sport HST; Nissan Leaf 2022 and Toyota Prius.

86. Defendant, without authorization or legal right, exercised dominion or control over Plaintiff's property by continuing to lease vehicles after a request from Plaintiff to return them, refusing repair and returning property at Plaintiffs request;

87. Defendant's conduct deprived Plaintiff of their rightful use and possession of the property.

88. Despite Plaintiff's demands for the return of the property, Defendant has refused to return it or has otherwise disposed of it.

89. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to destroyed property, repossession, accrual of tickets, fines, and other financial damage.

90. Defendant's conduct constitutes conversion under New Jersey law.

91. Plaintiffs lack an adequate remedy at law.

92. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs. Plaintiffs seek the repair and return of their property.

**COUNT 5**
**INVASION OF PRIVACY**
**(N.J. Stat.§ 2C:14-9)**
**As against STEPHEN ALVAREZ, DRIVEPRO, LLC, in its official capacity and TURO INC., in its official capacity**

93. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 91 hereof, as if fully set forth herein.

94. At all relevant times, Defendants ALVAREZ, Perkin Industries, and DrivePro LLC engaged in unauthorized activities involving Plaintiffs' personal information, including the unlawful collection, use, and disclosure of sensitive data such as Social Security numbers and credit information.

95. Defendants, without Plaintiffs' consent, obtained and used personal identifiers, including Plaintiff Rolando Chico's Social Security number and Evelyn Valentine's license information, for fraudulent purposes.

96. Defendants' actions resulted in unauthorized intrusions into Plaintiffs' private affairs, including fraudulent credit activities, misappropriation of identities, and financial harm.

97. Despite the Plaintiffs' objections and demands to cease these invasions, Defendants continued unauthorized activities, causing further harm to the Plaintiffs' financial and personal privacy.

98. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages, including identity theft, credit impairment, fraudulent debt accumulation, and emotional distress.

99. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT6**
**Attempted Impersonation; Theft of identity**
**(N.J. Stat.§ 2C:21-17)**
**As against STEPHEN ALVAREZ, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity**

100. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado repeat and reallege paragraphs 1 through 98 hereof, as if fully set forth herein.

101. Defendants knowingly used and attempted to use the personal information of Plaintiffs, including Social Security numbers and driver's license data, without authorization for fraudulent business activities.

102. Defendants fraudulently linked Evelyn Valentine's identity to ALVAREZ 's address and solicited Plaintiff Rolando Chico's Social Security number under false pretenses to gain financial benefits.

103. Defendants acted with intent to defraud, impersonate, and unlawfully obtain financial advantages, resulting in Plaintiffs' financial liabilities, damaged credit, and legal complications.

104. Plaintiffs repeatedly demanded Defendants cease the fraudulent activities, but Defendants persisted in impersonating and misusing Plaintiffs' Identities.

105. As a direct and proximate result of Defendants' actions, Plaintiffs sustained damages, including unauthorized debts, credit score deterioration, legal fees, and emotional distress.

106. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT7**
**DESTRUCTION OF PROPERTY**
**(N.J. Stat.§ 2C:17-3)**
**As against STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLA VANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity and TURO INC., in its official capacity**

107. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeats and realleges paragraphs 1 through 105 hereof, as if fully set forth herein.

108. At all relevant times, Defendants were in possession of Plaintiffs' leased vehicles under agreements requiring Defendants to maintain, protect, and return the vehicles in good condition.

109. Defendants knowingly and recklessly allowed vehicles to be stolen, vandalized, driven without proper insurance and returned with extensive damages.

110. Defendants' negligent and intentional actions caused the destruction and devaluation of Plaintiffs' vehicles, including but not limited to damage sustained by Jose Diaz's car, Milda Polanco's Mazda CX-5, and other leased Vehicles.

111. Despite Plaintiffs' demands for repairs and restitution, Defendants failed to address the damages, allowing vehicles to accrue further harm.

112. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered financial losses, including repair costs exceeding $90,000, loss of vehicle use, and diminished property value.

113. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT8**
**THEFT BY DECEPTION**
**(N.J. Stat.§ 2C:20-4)**
**As against STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLA VANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity and TURO INC., in its official capacity**

114. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 112 hereof, as if fully set forth herein.

115. Defendants knowingly made false representations to Plaintiffs regarding payment obligations, insurance coverage, and business operations to induce Plaintiffs into leasing vehicles under fraudulent pretenses.

116. Plaintiffs, relying on Defendants' promises, leased multiple luxury vehicles for Defendants' business, expecting full compensation and proper Maintenance.

117. Defendants deceptively continued using Plaintiffs' vehicles for profit while failing to make payments, maintain insurance, or cover accumulated debts, including unpaid tickets and toll violations.

118. Despite numerous requests for payment and contractual compliance, Defendants continued their deceptive practices, causing Plaintiffs significant financial harm.

119. As a direct and proximate result of Defendant's deceptive conduct, Plaintiffs incurred damages, including unpaid vehicle costs, repossession fees, legal expenses, and adverse credit impacts.

120. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT9**
**VIOLATION OF THE NEW JERSEY TOLL COLLECTIONS MONITORING SYSTEM**
**(N.J. Stat. Ann. § 27:23-34.2)**
**As against STEPHEN ALVAREZ, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity**

121. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 119 hereof, as if fully set forth herein.

122. Defendants operated Plaintiffs' leased vehicles on toll roads in New Jersey and New York without paying required tolls, leading to excessive fines, penalties, and legal restrictions against Plaintiffs.

123. Defendants fraudulently used Plaintiffs' vehicle registrations to avoid toll payments, resulting in unpaid toll violations being attributed to Plaintiffs' Names.

124. Plaintiffs were unaware of these toll violations until they faced legal repercussions, including restricted driving privileges and license suspensions.

125. Despite Plaintiffs' efforts to rectify these violations, Defendants failed to assume responsibility or reimburse Plaintiffs for the resulting debts.

126. As a direct and proximate result of Defendants' actions, Plaintiffs suffered financial losses, including unpaid toll fees, penalties, legal expenses, and restrictions on vehicle use.

127. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT10**
**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
**(N.J. Stat. § 56:8-2)**
**As against STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLA VANS, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official capacity**

128. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 126 hereof, as if fully set forth herein.

129. Defendants engaged in deceptive business practices, including false advertising, misrepresentation, and fraudulent conduct in their leasing agreements with Plaintiffs.

130. Defendants knowingly misled Plaintiffs about the financial stability of DrivePro LLC, the security of leased vehicles, and the assurance of insurance coverage and timely payments.

131. Plaintiffs relied on Defendants' fraudulent representations, resulting in significant financial investments and liabilities that were not honored by Defendants.

132. Despite Plaintiffs' attempts to seek redress, Defendants continued their fraudulent activities, exacerbating Plaintiffs' financial losses.

133. As a direct and proximate result of Defendants' fraudulent practices, Plaintiffs suffered ascertainable losses, including unpaid invoices, repossessed vehicles, legal costs, and damaged credit scores.

134. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**COUNT 11**
**VIOLATION OF THE TRUTH IN LENDING ACT**
**(15 U.S.C. § 1601 et seq.)**

135. Plaintiffs repeat and realleges paragraphs 1 through 134 as though fully set forth herein.

136. Defendants entered into consumer vehicle lease and financing transactions with Plaintiffs within the meaning of TILA.

137. Defendants failed to provide accurate and clear disclosures concerning payment obligations, fees, insurance obligations, repossession risks, toll liabilities, and other material lease terms.

138. Defendants misrepresented or concealed the true financial obligations associated with the vehicle lease agreements.

139. Plaintiffs relied upon Defendants' representations and suffered financial damages, including unlawful fees, damaged credit, repossession losses, penalties, collection activity, and financial liabilities.

140. Defendants' conduct violated TILA, 15 U.S.C. § 1601 et seq., and related disclosure requirements.

141. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages and are entitled to statutory damages, actual damages, attorneys' fees, costs, and such other relief as the Court deems proper.

**COUNT 12**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**As against STEPHEN ALVAREZ, PERKIN INDUSTRIES, LLC, in its official capacity, DRIVEPRO, LLC, in its official capacity, and TURO INC., in its official ca pa city**

142. JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, repeat and reallege paragraphs 1 through 133 hereof, as if fully set forth herein.

143. Defendant's conduct, including but not limited to fraudulent misrepresentations, identity theft, vehicle conversion, destruction of property, and threats, was intentional and/or reckless.

144. Defendant knew or should have known that such conduct would cause Plaintiffs severe emotional distress.

145. The defendant's actions were extreme and outrageous, exceeding the bounds of decency in a civilized society.

146. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered severe emotional distress, including but not limited to anxiety, humiliation, financial stress, and loss of sleep, requiring medical and psychological Treatment.

147. Defendant's conduct was willful, wanton, and malicious, warranting an award of compensatory and punitive damages.

148. By reason of the foregoing, Defendants are liable in an amount to be determined at trial, plus interest, attorneys' fees, and costs

WHEREFORE, JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Aguilar, and Jeiby Vizcaino request judgment as Follows:

A. On Count 1, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiffs Specific performance of contract and reimbursement of all fee, fines, and monetary loss.
B. On Count 2, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and also awarding Plaintiffs the repair and return of their property.
C. On Count 3, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.
D. On Count 4, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.
E. On Count 5, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.
F. On Count 6, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.
G. On Count 7, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle

Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

H. On Count 8, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

I. On Count 9, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

J. On Count 10, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

K. On Count 11, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

L. On Count 12, awarding damages in favor of JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Nelson Lopez, Rolando Chico, Gisselle Aguilar, and Jeiby Vizcaino, Jesus Maldonado, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

M. Granting JOSE DIAZ, Maidy Perez, Milda Polanco, Jose Vazquez, Evelyn Valentine, Rolando Chico, Gisselle Aguilar, and J eiby Vizcaino such other and further relief as the Court deems just and proper.

Dated: 5/21/26
Newark, New Jersey

Respectfully submitted, /s/ Jay Kanetkar
Jay Kanetkar, Esq.
Attorney for Plaintiffs