KTAP KUDMAN • TRACHTEN • ALOE • POSNER LLP
Attorneys at Law
Paul H. Aloe • Direct (212) 868–1888 • paloe@kudmanlaw.com

May 29, 2026

**VIA ECF ONLY**
Hon. Michael A. Hammer
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** ***Jose Diaz et al. v. Stephen Alvarez et al.***
**D.N.J. Case No. 2:25-cv-12133-ES-MAH**

Dear Judge Hammer:

We represent defendants Nicolas Perkin, Sydney Klavans, Perkin Industries, LLC, and DrivePro, LLC.[1] As the Court is aware, all defendants in this action previously moved to dismiss for lack of subject matter jurisdiction as there was clearly no diversity. Defendants Nicolas Perkin, Sydney Klavans, and Perkin Industries, LLC also moved to dismiss for lack of personal jurisdiction, and Nicolas Perkin, Perkin Industries, and DrivePro moved to dismiss based on plaintiffs' failure to serve them as required by Rule 4(m). Docket No. 9.

Plaintiffs responded to the motion by claiming that their complaint alleged a claim under the Truth in Lending Act ("TILA"), even though each of the counts in the complaint sound in state law. This Court, by Order dated April 6, 2026 (Docket No. 23), appropriately disagreed:

> A plain reading of the Complaint makes clear that it does not adequately plead a TILA claim pursuant to Federal Rule of Civil Procedure 8, Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The Court further pointed out that none of the enumerated claims purported to invoke TILA, "much less plead[ed] allegations necessary to show that Plaintiff is entitled to relief under TILA. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (2009)." The Court afforded plaintiffs an opportunity to "cure the deficiency and *adequately* plead a TILA claim" (emphasis added). The Court granted plaintiffs until May 4, 2026 to do so.

[1] The amended complaint (Docket No. 26) does not list DrivePro, LLC in its caption, yet repeatedly treats DrivePro, LLC as a party defendant throughout the body of the pleading, including by asserting substantive claims against it. *See* Am. Compl. ¶ 21; Count I; Count II; Count IV; Count X. This discrepancy is emblematic of the broader deficiencies in the pleading, which repeatedly fails to identify the proper parties, impermissibly lumps defendants together, and contains internally inconsistent allegations regarding the entities and individuals allegedly involved in the underlying transactions.

The May 4, 2026 deadline came and went; plaintiffs wholly ignored it. The Court, by order dated May 11, 2026 (Docket No. 24), *sua sponte* extended plaintiffs' deadline to May 15, 2026. Plaintiffs ignored that deadline, too. On May 20, 2026, the Court entered an order to show cause (Docket No. 25) directing plaintiffs to "show cause in writing, why this matter should not be dismissed for lack of subject matter jurisdiction" by May 29, 2026.

On May 26, 2026, plaintiffs filed a jumbled and confused amended complaint (Docket No. 26), which purported to cure the jurisdictional defect identified by the Court by adding a separate TILA count (Count XI). However, the Court did not direct plaintiffs to merely add a TILA cause of action. Rather, the Court expressly held that the original complaint failed to adequately plead a TILA claim under Rule 8, *Iqbal*, and *Twombly*, and afforded plaintiffs an opportunity to cure that deficiency. (*See* Docket No. 23.) The amended complaint does not do so. Count XI consists entirely of conclusory allegations and fails to allege facts establishing a creditor relationship, a consumer-credit transaction, or any other factual basis that would plausibly support a TILA claim.

TILA applies exclusively to "creditors"—defined as persons who (1) regularly extend consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required; and (2) to whom the debt is initially payable. 15 U.S.C. § 1602(f). Moreover, TILA applies only to transactions "primarily for personal, family, or household purposes," and explicitly excludes transactions "primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(1); *see Taggart v. Wells Fargo Home Mortg., Inc.*, 563 F. App'x 889, 892 (3d Cir. 2014).

Moreover, TILA is not a general consumer protection statute. It is a highly specific statute requiring creditors to make certain written disclosures concerning finance charges and related aspects of credit transactions. 15 U.S.C. §§ 1601–1667f. The statute has no application to business ventures, partnerships, or the rental of vehicles through peer-to-peer platforms. *See Wolfington v. Reconstructive Orthopaedic Assocs. II*, P.C., 268 F. Supp. 3d 756, 762 (E.D. Pa. 2016), *aff'd*, 935 F.3d 187 (3d Cir. 2019) (explaining that whether one is a TILA creditor requires both being a creditor in general and being the creditor in the specific transaction in dispute).

The amended complaint fatally undermines any potential TILA claim. Plaintiffs allege that defendant Stephen Alvarez "solicited Plaintiffs individually to participate in a *business venture* involving the leasing of their vehicles on Turo." Am. Compl. ¶ 23 (emphasis added). This allegation makes clear that the transaction at issue was a business venture, not a consumer credit transaction for personal, family, or household purposes. There are no allegations whatsoever that any defendant extended credit to plaintiffs, made loans to plaintiffs, imposed finance charges, or entered into any debtor-creditor relationship with plaintiffs.

Indeed, no reasonable inquiry could support the assertion of a TILA claim against defendants. Plaintiffs' factual allegations describe a business arrangement involving vehicle rentals—not a consumer credit transaction. The amended complaint fails to identify any facts that could conceivably transform this business dispute into a TILA claim. Accordingly, any amendment asserting TILA claims would be futile and would not survive a renewed motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (leave

to amend properly denied where amendment would be futile). The amended complaint therefore fails to accomplish the very purpose for which the Court granted plaintiffs leave to amend.

In addition, even accepting the allegations of the amended complaint as true, plaintiffs do not allege facts establishing any business relationship with Nicolas Perkin, Sydney Klavans, or Perkin Industries, much less facts sufficient to state a claim against them or to establish that exercising personal jurisdiction over them in New Jersey is consistent with the Due Process Clause of the Fourteenth Amendment.[2]

While the Court has discretion to permit an amended complaint—upon a proper motion under Rule 15(a)(2), which plaintiffs did *not* make before filing their untimely amended complaint on May 26, 2026—leave should be denied where the amendment would be futile. *Jablonski*, 863 F.2d at 292. That is precisely the circumstance here. Plaintiffs were afforded an opportunity to cure the deficiencies identified in the Court's April 6, 2026 Order, ignored two Court-ordered deadlines, received an Order to Show Cause, and then filed an untimely amended complaint without leave. More importantly, plaintiffs failed to address the substance of the Court's ruling. Rather than pleading facts establishing a viable TILA claim, plaintiffs merely inserted vague and conclusory statutory language into an otherwise unchanged pleading. The Court specifically held that plaintiffs failed to adequately plead a TILA claim under Rule 8, *Iqbal*, and *Twombly*. Yet the amended complaint still fails to identify any creditor within the meaning of TILA, any extension of consumer credit, any finance charge, any debtor-creditor relationship, or any consumer financing transaction covered by the statute. Because the amended pleading could not withstand a renewed motion to dismiss, further amendment would be futile.[3]

---

[2] Plaintiffs bear the burden of establishing personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). The allegations directed at defendants are exceptionally thin. As to Nicolas Perkin, plaintiffs allege only that he is the CEO of Perkin Industries, acquired Alvarez's business, "failed to properly and professionally conduct business after the acquisition," and was "unresponsive" to inquiries. Am. Compl. ¶ 18. As to Sydney Klavans, plaintiffs allege only that she was a "Director of Operations" who "failed to appreciate this matter's urgency" and failed to provide information concerning vehicle payments, tickets, and restoration of property. Am. Compl. ¶ 19. As to Perkin Industries, plaintiffs allege only that it acquired DrivePro, handled finances, and failed to remedy damage allegedly caused by Alvarez—without even alleging that Perkin Industries assumed any of DrivePro's obligations. Am. Compl. ¶ 20. Plaintiffs inserted a new jurisdictional allegation asserting that these defendants "purposefully directed business activities" toward New Jersey. Am. Compl. ¶ 22. However, that allegation is entirely conclusory and unsupported by factual allegations establishing constitutionally sufficient minimum contacts. *See generally Walden v. Fiore*, 571 U.S. 277 (2014). Accordingly, Nicolas Perkin, Sydney Klavans, and Perkin Industries should be dismissed pursuant to Rule 12(b)(2).

[3] The futility of amendment is further underscored by the fact that plaintiffs were repeatedly advised of these deficiencies. In October 2025, defendants argued that any amendment would be futile because plaintiffs had not identified facts capable of establishing a TILA claim. Docket No. 17 at 2–3. And on April 6, 2026, I sent plaintiffs' counsel a letter explaining why there was no possible TILA claim and that the assertion of one would violate Rule 11 Despite that warning, and despite the Court's April 6, 2026 Order identifying the same deficiency, plaintiffs filed an amended complaint that suffers from the same defects previously identified by both the Court and defendants. At some point, judicial economy requires putting an end to repeated opportunities to replead a federal claim that plaintiffs have never plausibly alleged.

The proposed amended complaint has numerous other problems that would necessitate extensive motion practice. Among them are lack of service,[4] lack of personal jurisdiction, that most of the defendants are inappropriately named in the suit, and that plaintiffs' allegations facially do not state a claim.[5] The pleading also repeatedly references dozens of exhibits—at one point more than ninety (*see* Am. Compl. ¶¶ 30, 36–39)—yet only a fraction of those exhibits were actually filed. S*ee* Docket Nos. 26-1–26-7. These deficiencies further confirm that the improperly filed amended complaint does not cure the problems identified by the Court and would not survive renewed motion practice.

We therefore respectfully submit that plaintiffs have failed to cure the deficiency identified in the Court's April 6, 2026 Order and that the proposed amended complaint is futile. Accordingly, the Court should deny any further leave to amend and recommend dismissal of this action for lack of subject matter jurisdiction. Alternatively, we would ask the Court to establish a briefing schedule for a Rule 12 motion to dismiss.

We thank the Court for its attention to this matter.

Respectfully submitted,

Paul H. Aloe

cc: All Counsel of Record (via ECF only)

---

[4] Plaintiffs now expressly admit that they "are in the process of effectuating and/or re-serving all remaining defendants" and seek additional time pursuant to Rule 4(m). That admission confirms that proper service has not been made. This action has been pending for nearly a year. Rule 4(m) requires service within ninety days. The deadline to serve under Rule 4(m) expired on September 23, 2025. Plaintiffs never timely sought an extension and have never established good cause. They never made any effort to serve these defendants. While Rule 4(m) does afford the Court discretion to extend the deadline, that discretion should not be exercised where the plaintiffs made no effort to serve. *See In re Proton-Pump Inhibitor Prods. Liab. Litig.*, No. 2:17-MD-2789 (CCC)(LDW), 2023 WL 3076785, at *4 (D.N.J. Apr. 25, 2023); *see also Snyder v. United States*, 404 F. App'x 695, 697 (3d Cir. 2010). Accordingly, Nicolas Perkin, Perkin Industries, and DrivePro should be dismissed pursuant to Rules 12(b)(2), (4), and (5).

[5] The deficiencies of the amended complaint extend far beyond the jurisdictional defect originally identified by the Court. For example, Count I (Breach of Contract) is asserted against DrivePro but alleges only that plaintiffs were in a contractual relationship with Alvarez, not DrivePro. Am. Compl. ¶¶ 53–54. Count II (Negligent Misrepresentation) fails to identify any specific misrepresentation made by Nicolas Perkin, Perkin Industries, or DrivePro and instead refers generically to "Defendant." Am. Compl. ¶¶ 62–66. Count III (Negligence) consists of conclusory allegations and fails to identify any cognizable duty owed by Nicolas Perkin, Sydney Klavans, or Perkin Industries. Am. Compl. ¶¶ 69–82. Count IV (Conversion) fails to allege facts showing that DrivePro possessed the vehicles at issue, received a demand for their return, or refused such a demand. Am. Compl. ¶¶ 84–92. Counts V through IX are predicated on criminal statutes that do not appear to provide private rights of action. Am. Compl. ¶¶ 93–127. Count X (New Jersey Consumer Fraud Act) is inconsistent with plaintiffs' own allegations that the underlying arrangement was a "business venture" involving "significant financial investments," rather than a consumer transaction. Am. Compl. ¶¶ 23, 131. Finally, Count XII (Intentional Infliction of Emotional Distress) merely repackages the allegations asserted elsewhere in the pleading and does not allege conduct remotely approaching the extreme and outrageous conduct necessary to sustain such a claim. Am. Compl. ¶¶ 142–148. While defendants do not seek to fully brief those issues here, they further demonstrate that the amended complaint would not withstand renewed motion practice and that further amendment would be futile.