**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE DIAZ, et al.,** | |
| **Plaintiffs,** | **Civil Action No. 25-12133 (ES) (MAH)** |
| **v.** | |
| **STEPHEN ALVAREZ, et al.,** | **ORDER TO SHOW CAUSE** |
| **Defendants.** | |

This matter having come before the Court on Plaintiffs' Complaint in which they predicate subject matter jurisdiction on both federal question jurisdiction pursuant to 28 U.S.C. § 1331, Compl., D.E. 1, ¶ 3, and diversity jurisdiction pursuant to 28 U.S.C.§ 1332, Compl., ¶ 4;

and Defendants having filed a motion to dismiss the Complaint on the basis that the Court lacks subject matter jurisdiction because there is a lack of diversity given that Plaintiffs and Defendant Stephen Alvarez are all residents of New Jersey;

and while Plaintiffs contend federal question jurisdiction exists by virtue of Plaintiffs' Truth in Lending Act ("TILA") claim, no such claim is set forth in the Complaint, D.E. 9-1, at 2;

and it appearing that all counts of Plaintiffs' Complaint are state law claims and no TILA claim is pleaded;

and it having appeared perhaps there had been simply a drafting error in the Complaint;

and the Court having terminated the motion to dismiss, permitting Plaintiffs until May 4, 2026, to file an Amended Complaint to cure such error, D.E. 23;

and the Court having *sua sponte* extended that deadline on May 11, 2026, because Plaintiffs had not filed an Amended Complaint by May 4, 2026, D.E. 24;

and the Court having permitted Plaintiffs until May 15, 2026, to file an Amended Complaint and having notified Plaintiffs that failure to file an Amended Complaint might result in the dismissal of their Complaint, *id.*;

and the Court having issued an Order to Show Cause on May 20, 2026, directing Plaintiffs to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction because, as of the date of that Order, Plaintiffs had not filed the Amended Complaint, D.E. 25;

but it appearing that instead of showing cause why this matter should not be dismissed for lack of subject matter jurisdiction, Plaintiffs filed an Amended Complaint, D.E. 26;

and Defendants Perkin, Klavans, Perkin Industries, LLC, and DrivePro, LLC, having filed a letter asserting that Plaintiffs have failed to cure the deficiencies in their TILA claim and requesting that the Court deny further leave to amend the Complaint and recommend dismissal for lack of subject matter jurisdiction, D.E. 27;

and the Court noting that Defendants specifically contend that Plaintiffs' TILA claim, on which it bases jurisdiction in this Court, fails because Plaintiffs' own allegations in the Amended Complaint indicate that the basis of the TILA claim is that Defendants allegedly solicited Plaintiffs for a "business venture" and did not involve a consumer credit transaction as required by the TILA statute, *id., see also* Am. Compl., ¶ 23;

and the Court therefore finding it appropriate for Plaintiffs to file a brief explaining how their allegations in the Amended Complaint support their assertions of a TILA claim;

and for good cause shown;

IT IS on this 10th day of June 2026,

ORDERED that by July 1, 2026, Plaintiffs shall show cause in writing, why this matter

should not be dismissed for lack of subject matter jurisdiction. Plaintiffs will not file another Amended Complaint. Instead, Plaintiffs will file a brief limited to 10 double-spaced pages explaining the basis for their purported TILA claim. Failure to respond may result in the issuance of a Report and Recommendation that the District Court dismiss this matter for lack of subject matter jurisdiction; and it is further

ORDERED that Defendants' motions to extend time to answer, move, or otherwise reply, D.E.s 28 & 31, are granted; and it is further

ORDERED that no Defendant shall file an answer until the Court resolves the instant issue.

***s/ Michael A. Hammer***
**United States Magistrate Judge**