Jay Kanetkar, Esq. (Attorney ID 000031994)
112 Jabez Street, Suite 101
Newark, New Jersey 07105
Telephone: (201) 563-4144
Email: jpkanetkar@yahoo.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE DIAZ, MAIDY PEREZ, MILDA POLANCO, JOSE VAZQUEZ, EVELYN VALENTINE, NELSON LOPEZ, ROLANDO CHICO, GISSELLE AGUILAR, JEIBY VIZCAINO, and JESUS MALDONADO,<br>Plaintiffs,<br><br>V.<br><br>STEPHEN ALVAREZ, NICOLAS PERKIN, SYDNEY KLAVANS, PERKIN INDUSTRIES, LLC, DRIVEPRO, LLC, and TURO INC.,<br>Defendants. | **Civil Action No. 2:25-cv-12133 (ES) (MAH)**<br><br>**PLAINTIFFS' BRIEF IN RESPONSE TO THE AUGUST 31, 2026 ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Submitted to the Honorable Michael A. Hammer, U.S.M.J.
Response due September 14, 2026

## TABLE OF CONTENTS


| | |
|---|---|
| Preliminary Statement | 3 |
| Relevant Allegations | 3 |
| I. Federal jurisdiction and statutory sufficiency | 4 |
| II. The applicable federal requirements | 5 |
| III. Preservation of state law remedies | 9 |
| Conclusion | 10 |


## TABLE OF AUTHORITIES


| | |
|---|---|
| **Cases** | |
| *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) | 5 |
| *Kulick v. Pocono Downs Racing Ass'n, Inc., 816 F.2d 895 (3d Cir. 1987)* | *5* |
| *Bell v. Hood*, 327 U.S. 678 (1946) | 4–5, 9 |
| *Ramadan v. Chase Manhattan Corp., 156 F.3d 499 (3d Cir. 1998)* | *4* |
| *Johnson v. City of Shelby*, 574 U.S. 10 (2014) | 8 |
| *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) | 9 |
| *Wolfington v. Reconstructive Orthopaedic Associates II, PC*, 935 F.3d 187 (3d Cir. 2019) | 6 |
| **Statutes** | |
| 15 U.S.C. § 1602 | 5–6 |
| 15 U.S.C. § 1603(1) | 6 |
| 15 U.S.C. § 1640(a), (e) | 4 |
| 15 U.S.C. § 1667 | 5, 7 |
| 15 U.S.C. § 1667a | 8 |
| 15 U.S.C. § 1667d(a), (c) | 4, 8 |
| 28 U.S.C. § 1331 | 3–4 |
| 28 U.S.C. § 1367(a), (c)(3) | 9 |
| **Regulations and Official Interpretations** | |
| 12 C.F.R. § 1013.2(a), (e), (h) | 7–8 |
| 12 C.F.R. pt. 1013, supp. I, cmt. 2(h)-1 | 8 |
| 12 C.F.R. § 1026.2(a)(17)(i) | 6 |
| 12 C.F.R. pt. 1026, supp. I, cmts. 3(a)-1, -3 | 6–7 |
| **Rules** | |
| Fed. R. Civ. P. 12(h)(3) | 10 |
| Fed. R. Civ. P. 41(b) | 10 |

## PRELIMINARY STATEMENT

Plaintiffs submit this brief in response to the August 31, 2026 Order. They request that the Court distinguish whether Count 11 states a sufficient federal claim from whether the Court has power to decide that claim. The asserted basis is 28 U.S.C. § 1331 and the disclosure remedies under the Truth in Lending Act ("TILA"), including its consumer leasing provisions. Am. Compl. ¶¶ 3, 51, 135–141. Plaintiffs submit no further amended complaint.

The business purpose exclusion and the absence of transaction specific creditor allegations are substantial obstacles. Plaintiffs address them below, relying particularly on the pleaded vehicle retained for personal use. Their jurisdictional argument does not establish that every Plaintiff has a viable TILA claim against every Defendant. If the Court finds the federal claim jurisdictionally insubstantial, Plaintiffs alternatively request dismissal without prejudice, preserving their ability to pursue appropriate state law claims in a court of competent jurisdiction.

## RELEVANT ALLEGATIONS

The Amended Complaint describes a vehicle rental business venture. Am. Compl. ¶¶ 17, 23. It also alleges that some vehicles were acquired for personal use, and specifically that Milda Polanco leased four vehicles, renting out three and retaining one for herself. *Id.* ¶¶ 10, 23, 28, 40. Alvarez allegedly promised

payments and insurance covering all four vehicles; Polanco subsequently discovered that her personal vehicle also lacked insurance. *Id.* ¶¶ 40–41.

Count 11 alleges consumer vehicle lease and financing transactions, inaccurate or missing disclosures, and resulting financial injury. *Id.* ¶¶ 136–141. Paragraph 51 identifies alleged omissions concerning payment, insurance, mileage, repossession, and collection obligations. These are allegations, not adjudicated facts. The business venture allegations cannot be disregarded, and the general designation "consumer" does not itself establish statutory coverage.

## I. Federal jurisdiction and statutory sufficiency are distinct inquiries

Section 1331 confers jurisdiction over actions arising under federal law. TILA authorizes damages actions in federal district court. 15 U.S.C. § 1640(a), (e); *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500–01 (3d Cir. 1998). The consumer leasing provisions separately authorize such actions. 15 U.S.C. § 1667d(a), (c). Plaintiffs invoke these federal rights directly; their jurisdictional theory does not depend on diversity of citizenship. Am. Compl. ¶¶ 3–4.

In *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), the Supreme Court distinguished failure to state a federal cause of action from absence of jurisdiction. The exceptions are material: jurisdiction may be absent where the federal claim is immaterial and asserted solely to obtain jurisdiction, or is wholly insubstantial and

frivolous. Thus, merely naming TILA is insufficient, but ordinary defects in a federal claim do not automatically defeat jurisdiction.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006), directs courts to treat statutory coverage limitations as non-jurisdictional unless Congress clearly makes them jurisdictional. Plaintiffs submit that the definitions of covered transactions and regulated persons in §§ 1602 and 1667 prescribe substantive coverage requirements, distinct from the jurisdictional grants. This application of *Arbaugh* does not eliminate *Bell*'s insubstantiality exception.

The Third Circuit applies Bell directly. Once a complaint alleges that defendants violated federal law, the truth of the allegations and whether they establish liability ordinarily present merits questions; jurisdictional dismissal remains limited to Bell's exceptions. *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897–98 (3d Cir. 1987). Here, the asserted defects concern the pleading's statutory sufficiency. Plaintiffs do not ask the Court to accept legal conclusions as facts.

## II. The pleaded disclosure theory must satisfy the applicable federal requirements

### A. Consumer credit requires a qualifying creditor and extension of credit

Credit means a right to defer payment of debt. A creditor must regularly extend qualifying consumer credit and be the person to whom the debt is initially

payable. 15 U.S.C. § 1602(f)–(g). Regulation Z requires a finance charge or payment by written agreement in more than four installments, excluding a down payment. 12 C.F.R. § 1026.2(a)(17)(i). A finance charge is therefore not invariably required, but a qualifying credit relationship is.

*Wolfington v. Reconstructive Orthopaedic Associates II, PC*, 935 F.3d 187 (3d Cir. 2019), slip op. at 9–11, requires creditor status both generally and in the challenged transaction. It affirmed judgment on the pleadings where a necessary written agreement was inadequately alleged. *Id.*, slip op. at 16–30. That merits disposition is instructive, but *Wolfington* does not establish coverage for Plaintiffs' arrangements.

Alvarez's alleged promises to pay Plaintiffs or discharge their obligations do not, without more, show that he extended credit to them. Am. Compl. ¶¶ 24, 37, 40, 48. Count 11 does not identify a particular debt initially payable to a named Defendant, its installment terms, or a finance charge. *Id.* ¶¶ 135–141. Plaintiffs do not ask the Court to infer those missing terms merely from unpaid bills, commercial revenue, or personal liability. The consumer leasing provisions require separate consideration because they regulate qualifying leases and lessors.

**B. The business exclusion requires attention to the particular transaction**

TILA excludes credit extended primarily for business or commercial purposes. 15 U.S.C. §§ 1602(i), 1603(1). Regulation Z's official commentary

requires examination of the transaction's primary purpose and identifies such factors as occupation, personal management, expected income, transaction size, and the borrower's stated purpose. 12 C.F.R. pt. 1026, supp. I, cmts. 3(a)-1, -3. Personal signatures and resulting damage to personal credit do not eliminate that exclusion.

Paragraph 23 expressly describes vehicles primarily intended for business. That allegation substantially supports Defendants' objection for the rental fleet transactions. But paragraphs 10, 28, and 40 identify Polanco's separately retained personal vehicle. Plaintiffs submit that this specific allegation warrants considering that vehicle's transaction separately rather than treating every vehicle as commercially acquired. It does not establish the vehicle's original lease terms, the identity of a regulated Defendant, or a disclosure violation concerning that vehicle.

**C. The consumer leasing provisions identify the relevant lease disclosures**

The Consumer Leasing Act is Chapter 5 of TILA. 12 C.F.R. § 1013.2(a). Its coverage requires a natural person lessee, a lease exceeding four months, a primarily personal, family, or household purpose, and a contractual obligation within the applicable annually adjusted ceiling. 15 U.S.C. § 1667(1); 12 C.F.R. § 1013.2(e). Business leases remain excluded. The relevant ceiling is the one applicable when the lease was consummated, not the amount of damages demanded.

Unlike the consumer credit definition, the lessor definition includes persons regularly arranging consumer leases. 15 U.S.C. § 1667(3); 12 C.F.R. § 1013.2(h). The regulation requires more than five qualifying transactions in the preceding or current calendar year. Its commentary describes compensated lease arrangements and participation in preparing contract documents. *12 C.F.R. pt. 1013, supp. I, cmt. 2(h)-1.* Thus, absence of a loan by a Defendant does not alone answer whether that Defendant incurred a consumer lease disclosure duty. Nevertheless, operation of a commercial rental fleet does not establish the required consumer leasing activity.

For a covered lease, § 1667a requires written pre consummation disclosures concerning, among other things, additional charges, end of term liabilities, insurance, scheduled payments, and default or early termination charges. 15 U.S.C. § 1667a(4), (5), (7), (9), (11). These subjects correspond to portions of the disclosure allegations in paragraphs 51 and 137–138. Section 1667d(a) supplies the civil remedy. Later broken promises, unpaid traffic penalties, or insurance lapses are not, standing alone, violations of those initial disclosure duties.

Plaintiffs therefore ask the Court to assess Count 11's lease disclosure allegations under these provisions within TILA. An imperfect legal label does not itself defeat a factually sufficient claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam). *Johnson* does not excuse missing facts or authorize amendment through a brief. The existing pleading does not specify Polanco's

personal vehicle's lease duration, contractual obligation, particular missing disclosure, or the facts establishing a named Defendant's regulated lessor status. Those deficiencies remain for the Court's assessment.

Taken together, the personal use and lease disclosure allegations provide Plaintiffs' basis for invoking federal law. Plaintiffs recognize the contrary argument: general disclosure allegations may be too disconnected from a qualifying transaction to establish even a colorable federal claim. They request express application of *Bell*'s narrow jurisdictional exceptions, rather than treating each unsatisfied statutory element as independently jurisdictional. The personal use allegation addresses purpose; it does not establish the other coverage elements or a claim for every Plaintiff against every Defendant.

**III. Any dismissal should preserve appropriate state law remedies**

If a substantial federal claim supports original jurisdiction, § 1367(a) permits related state claims forming the same constitutional case or controversy. The alleged leasing arrangements, representations, and resulting liabilities overlap. Am. Compl. ¶¶ 23–51, 135–141. But supplemental jurisdiction is not an independent substitute for original jurisdiction. If all federal claims are dismissed on the merits, § 1367(c)(3) permits declining supplemental jurisdiction; dismissal of remaining state claims without prejudice is ordinarily appropriate before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27 (1966).

If the Court instead concludes that original jurisdiction is absent, Plaintiffs request dismissal without prejudice for lack of jurisdiction, without adjudicating the state law merits. Fed. R. Civ. P. 12(h)(3), 41(b). This alternative request does not seek another amended complaint or a merits ruling validating any state law count.

**CONCLUSION**

Plaintiffs respectfully request discharge of the jurisdictional Order to Show Cause and assessment of Count 11 under the applicable merits standards. Alternatively, if jurisdiction is lacking, Plaintiffs request dismissal without prejudice. If the federal claim is dismissed on the merits and supplemental jurisdiction is declined, Plaintiffs request that the state law claims be dismissed without prejudice to pursuit in a court of competent jurisdiction.

Respectfully submitted,

__/s/ Jay Kanetkar____
Jay Kanetkar, Esq.
Attorney for Plaintiffs
Dated: September 11, 2026